UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PNC BANK, N.A.,

    Plaintiff,

  v.                                      Case No. 10-C-173

AMCRAFT BUILDING PRODUCTS CO., INC.,

    Defendant.

## DECISION AND ORDER

### BACKGROUND OF THE CASE

On March 3, 2010, the plaintiff, PNC Bank, filed a complaint against the defendant, Amcraft Building Products Co., Inc. The plaintiff is the secured lender for Jancor Companies, Inc. (Jancor), and is seeking to enforce a $1,810,484.75 debt allegedly owed by the defendant to Heartland Building Products, a subsidiary of Jancor.

Subsequently, the defendant asserted that this dispute was resolved by a settlement agreement, which was executed between the plaintiff and American Builders & Contractors Supply Co., Inc. (ABC), and its subsidiaries. The agreement settles disputes and controversies related to the purchase of goods by ABC and its subsidiaries from the subsidiaries of Jancor, including but not limited to Survivor Technologies, Inc. The parties do not dispute that the impetus for the settlement agreement was a separate $5,107.84 claim by Survivor Technologies, a Jancor subsidiary, against ABC Supply, a subsidiary of ABC. Neither Survivor Technologies nor ABC Supply is a party to this suit. However, because the defendant is a subsidiary of ABC and this case arises out of a dispute

1

related to its purchase of goods from a Jancor subsidiary, the defendant asserted that the broad language of the settlement agreement encompasses this case.

The plaintiff objected, contending that the settlement agreement did not evidence an intent to settle this case or that it was otherwise unenforceable due to mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation or other misconduct. Given the parties' dispute regarding the enforceability of the settlement agreement, the court set deadlines for the completion of limited discovery and the filing of dispositive motions related to the sole issue of whether the settlement agreement is valid and enforceable in this action.

In the course of conducting this limited discovery, a dispute arose regarding whether certain documents in the defendant's possession are privileged. On August 26 and November 29, 2011, the court issued decisions determining which documents are privileged and which are not. In the August 26, 2011, decision, the court also provided a deadline by which the plaintiff could assert that certain privileged documents were subject to a waiver or exception. On September 23, 2011, the plaintiff filed a brief addressing waiver and/or exception to certain privileged documents of the defendant. (Docket # 45). This decision addresses only this limited issue -- whether some of these privileged documents may be discoverable because a waiver or exception to the attorney-client privilege or work product doctrine applies.

## **ANALYSIS**

The plaintiff asserts that the defendant "has waived the attorney-client privilege and work product doctrine by making the intent and conduct of itself and its attorneys an issue." (Plaintiff's Brief Asserting Waiver and/or Exception [Plaintiff's Brief] at 4).

2

Specifically, the plaintiff contends that the defendant is relying on its thought process and the thought process of its attorneys to establish that the parties intended to settle this case when they executed the settlement agreement. Because the thought processes are "at issue," the plaintiff asserts that the defendant has waived the privilege with respect to any documents that "discuss in any way" the settlement agreement. (Plaintiff's Brief at 6).

In response, the defendant asserts that because the settlement agreement is plain and unambiguous, there is no need for the court to consider extrinsic evidence at all. The defendant also contends that, even if the court has reason to consider extrinsic evidence regarding the settlement agreement, the defendant has not waived any of its privileges. Specifically, the defendant maintains that it has not placed its thought process or that of its attorneys at issue, as claimed by the plaintiff. Rather, the defendant states that it relies only on the settlement agreement itself, not on any privileged communications or documents, to support its argument that the settlement agreement applies to this case. Further, the defendant asserts that the "at issue" exception does not apply to the work product doctrine.[1]

Rule 501 of the Federal Rules of Evidence provides in relevant part:

> [I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

---

[1] The court notes that the parties also submitted arguments with respect to whether the settlement agreement is valid and applicable. At this stage in the proceeding, the court will not make a determination regarding the validity and/or applicability of the settlement agreement. This decision is limited to whether waivers or exceptions apply to certain privileged documents.

3

This is a federal diversity action and Wisconsin law will supply the rule of decision. Thus, Wisconsin privilege law applies.

The "at issue doctrine" relied upon by the plaintiff is discussed in State v. Hydrite, 220 Wis.2d 51, 582 N.W.2d 411 (Wis. Ct. App. 1998). The court in Hydrite reviewed two differing approaches to the "at issue doctrine." The more restrictive view of the doctrine finds that a privilege is waived with respect to a particular document only "when the privilege holder attempts to prove a claim or defense by disclosing or describing an attorney-client communication." Id. at 68-69. The more expansive view of the doctrine finds that the privilege is waived "when the privilege holder places a claim or defense at issue and the document in question has a direct bearing on that claim or defense, regardless of whether the privilege holder intends to use the document to prove the claim or defense." Id. at 69.

The court in Hydrite expressly rejected the more expansive view of the doctrine, finding that the restrictive view was more consistent with the Wisconsin statute codifying the attorney-client privilege. In rejecting the expansive view of this doctrine, the court noted that "[a]s the attorney-client privilege is intended to assure a client that he or she can consult with counsel in confidence, finding that confidentiality may be waived depending on the relevance of the communication completely undermines the interest to be served." Id. at 68, n.2. The court also found that the "at issue" doctrine does not apply to documents protected by the work-product doctrine. See id., at 71, n.4 (noting that the only exception to the work product doctrine is the test codified at Wis. Stat. §804.01[2]).

4

In support of its contention that the defendant waived the privileges by putting the documents "at issue," the plaintiff cites to Johnson Outdoors, Inc. v. General Start Indem. Co., 2011 U.S. Dist. LEXIS 7783 (E.D. Wis. Jan. 19, 2011). In Johnson Outdoors, the defendant sought discovery of certain privileged documents and asserted that the documents were discoverable because the plaintiff had put them "at issue" in the case and had thus waived the privilege. The plaintiff acceded that the documents were "at issue," but maintained that it waived the privilege only for the specific documents it intended to introduce into evidence to support its position. Because the plaintiff waived the privilege for those documents in federal court, the court found that Federal Rule of Evidence 502(a), and not the "at issue" doctrine discussed in Hydrite, applied even though state law would supply the rule of decision. Rule 502(a) of the Federal Rules of Evidences provides:

> The following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work product protection.
>
> (a) Disclosure Made in a Federal Proceeding or to a Federal Office or Agency; Scope of a Waiver. When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:
> (1) the waiver is intentional;
> (2) the disclosed and undisclosed communications or information concern the same subject matter; and
> (3) they ought in fairness to be considered together.

Applying this rule, the court held that the plaintiff's waiver applied to all privileged documents which were related to those the plaintiff intended to introduce.

Despite the plaintiff's contentions that this case is analogous to Johnson Controls, the facts are dissimilar. In Johnson Controls, the party asserting the privilege had voluntarily and intentionally waived the privilege with respect to certain documents it intended to rely on to support its position. That voluntary and intentional waiver was a necessary precondition – Rule 502(a) applies only when a disclosure of privileged information has already occurred. The dispute in Johnson Controls was limited to whether that waiver extended to related documents. "The idea is to limit subject matter waiver to situations in which the privilege holder seeks to use the disclosed material for advantage in the litigation but to invoke the privilege to deny its adversary access to additional materials that could provide an important context for proper understanding of the privileged materials." Johnson Controls, 2011 U.S. Dist. LEXIS 7783 at *5-6 (quoting In re Aftermarket Filters Antitrust Litigation, 2010 U.S. Dist. LEXIS 117719 at *29 [N.D. Ill. Nov. 4, 2010]).

The defendant in this case has made no such waiver and does not intend to rely on any of the privileged documents to support its position. The defendant states that it relies only on the settlement agreement itself. Because the defendant here is not simultaneously introducing privileged documents into evidence, but asserting the privilege to deny the plaintiff access to related documents, the court's reasoning in Johnson Controls does not apply to this case.

Further, given the court's adoption of the more restrictive view of the "at issue" doctrine in Hydrite, the "at issue" exception to the attorney-client privilege also is inapplicable because the defendant does not intend to rely on a privileged document to support its claims. The plaintiff here has not asserted that any documents protected by

6

the work product doctrine should be discoverable under the test set forth in Wis. Stat. §804.01(2), so the court need not address that exception.

The plaintiff also states several times in its briefing that the defendant attempted to settle this case without contacting the plaintiff's counsel of record, referring to this conduct as "unethical," "unprofessional", and "unscrupulous."  (Plaintiff's Reply Brief at 3; Plaintiff's Brief at 3).  However, the plaintiff did not assert that such conduct results in a waiver or an exception to the privileges.  Therefore, the court will consider this an argument regarding the validity of the settlement agreement, which is not an issue before the court at this juncture of the proceedings.

With respect to the defendant's contentions that the settlement agreement is plain and unambiguous, the court does not make a determination regarding whether extrinsic evidence is necessary to construe the agreement at this time.  Rather, the court will consider this assertion if and when it is more fully briefed as part of a dispositive motion regarding the applicability and validity of the settlement agreement.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's assertions that waivers and/or exceptions apply to certain privileged documents of the defendant be and hereby are **denied**. (Docket #45).

Dated at Milwaukee, Wisconsin this 14th day of December, 2011.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge