# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**PNC BANK, N.A.,**
    **Plaintiff,**

  v.               Case No. 10-C-0173

**AMCRAFT BUILDING PRODUCTS CO., INC. and**
**AMERICAN BUILDERS AND CONTRACTORS**
**SUPPLY CO., INC.,**
    **Defendants.**

---

## DECISION AND ORDER

PNC Bank, N.A., commenced this action on March 3, 2010, originally against Amcraft Building Products Co., Inc., and alleged that federal jurisdiction was proper based on diversity of citizenship. See 28 U.S.C. § 1332. PNC Bank later added American Builders and Contractors Supply Co., Inc. as a defendant. The case remained pending before a magistrate judge until June 2014, when the case was reassigned to me. Subsequently, I examined the pleadings to ensure that the facts necessary to support diversity jurisdiction had been properly alleged and discovered that they had not been. The complaints alleged that PNC Bank "is a national banking association having its principal place of business in Pittsburgh, Pennsylvania." Compl. ¶ 2; Am. Compl. ¶ 3. For diversity jurisdiction purposes, national banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. In Wachovia Bank v. Schmidt, the Supreme Court interpreted § 1348 to mean that a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." 546 U.S. 303, 307 (2006). Thus, PNC Bank, in alleging that its "principal place of business" was in

Pennsylvania, had not properly alleged that it was a citizen of Pennsylvania. A proper allegation would have identified the state in which PNC Bank's main office, as designated in its articles of association, was located.

Upon further investigation, I determined that it was likely that PNC Bank's main office was located in Delaware. Both defendants are incorporated in Delaware and therefore are citizens of that state. See 28 U.S.C. § 1332(c)(1). Thus, if PNC Bank was also a citizen of Delaware, there would not be diversity of citizenship. After I ordered PNC Bank to show cause why this case should not be dismissed for lack of subject matter jurisdiction, PNC Bank conceded that it was a citizen of Delaware and that the case had to be dismissed for lack of jurisdiction. I dismissed the case for that reason on December 29, 2014.

On January 13, 2015, the defendants filed a petition for costs and reimbursement of certain expert witness fees. I address that petition in this order.

## DISCUSSION

**A.      Costs**

The defendants contend that they are entitled to costs under 28 U.S.C. § 1919, which provides that a court "may" order the payment of "just costs" whenever a case is dismissed for lack of jurisdiction.[1] In determining "just costs" under § 1919, a district court should consider what is most fair and equitable under the totality of the circumstances. See Otay Land Co. v. United Enterprises Ltd., 672 F.3d 1152, 1157 (9th Cir. 2012).

---

[1]Defendants originally also argued that they are "prevailing parties" that are presumptively entitled to costs under Federal Rule of Civil Procedure 54(d)(1), but they have since dropped that argument and now focus exclusively on § 1919. See ECF No. 153 at 1 & n.1.

2

The defendants argue that an award of costs would be just because the plaintiff falsely alleged that it was a citizen of Pennsylvania, with the result that this case was improperly litigated in federal court for nearly five years. However, PNC Bank did not falsely allege that its main office, as designated in its articles of association, was in Pennsylvania. Rather, it alleged a fact that did not establish its citizenship for jurisdictional purposes—namely, that its "principal place of business" was in Pennsylvania. When preparing their response to the complaint, the defendants should have realized that the citizenship of a national banking association is determined by the location of its main office, as designated in its articles of association, rather than by its principal place of business. The defendants then could have made further inquiries into the location of PNC Bank's main office before admitting in their answers that "jurisdiction is proper pursuant to 28 U.S.C. § 1332." See ECF No. 4 ¶ 4; ECF No. 130 ¶ 6. Moreover, the defendants admitted that jurisdiction was proper even though they denied that PNC Bank's principal place of business was in Pennsylvania. See ECF No. 4 ¶ 2; ECF No. 130 ¶ 3. Thus, the pendency of this action in federal court for nearly five years cannot be attributed solely to the plaintiff's alleging that its principal place of business was in Pennsylvania. Rather, it is clear that none of the parties paid any attention to the requirements for properly alleging diversity of citizenship and thus are equally responsible for the fact that this case has been pending in the wrong court for so long. For this reason, I find that each party should bear its own costs.[2]

---

[2]Because I find that an award of costs would not be just, I do not consider the plaintiff's argument that the defendants' petition for costs was untimely under Civil Local Rule 54(a)(1) (E.D. Wis. 2010).

3

### B. Expert Witness Fees

Federal Rule of Civil Procedure 26(b)(4)(E) provides in relevant part that "[u]nless manifest injustice would result," the court "must require" a party who deposed an expert witness to pay the expert "a reasonable fee" for time spent in responding to the notice of deposition. The defendants contend that, pursuant to this rule, plaintiff must pay the bill that the defendants received from their expert for the time he spent preparing for his deposition and being deposed by the plaintiff. However, the defendants make no effort to demonstrate that the bill they received from their expert represents "a reasonable fee." They do not explain what the expert's field of expertise is, what similar experts charge for similar work, or show that the amount of time the expert spent preparing for the deposition was reasonable. See 6 James Wm. Moore, Moore's Federal Practice–Civil § 26.80[3][a] (3d ed. 2014) (identifying factors courts consider when determining whether fee is reasonable). Because the defendants have not carried their burden to prove that the fee charged by their expert is reasonable, I will deny their request for an order requiring the plaintiff to pay that fee.

### CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendants' petition for costs is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of March, 2015.

                                       s/ Lynn Adelman
                                       _____
                                       LYNN ADELMAN
                                       District Judge